UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAWONE LAQUAN WATKINS,

        Petitioner,                  Case No. 2:20-cv-11115

v.

                                     Hon.  George Caram Steeh

WILLIS CHAPMAN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A STAY (ECF No. 7)

Petitioner Jawone Laquan Watkins is a state prisoner currently confined at the Macomb Correctional Facility in Lenox Township, Michigan. In April of this year, petitioner filed a pro se habeas corpus petition which challenges his state convictions for first-degree murder, armed robbery, and two weapon offenses.  Presently before the Court is petitioner's motion for a stay of this case while he pursues state remedies.  For the reasons given below, the Court is denying the motion.

### I. Background

Petitioner alleges that on January 11, 2017, he was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), armed robbery, Mich. Comp. Laws § 750.529, carrying a concealed weapon, Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a

felony. Mich. Comp. Laws § 750.227b. See Mot. to Stay, ECF No. 7, PageID.47. Petitioner is serving a life sentence for the murder conviction and lesser terms for the other convictions. Id. at PageID.47-48.

Petitioner states that he filed a timely notice of appeal in the Michigan Court of Appeals where he raised the following claims: (1) trial counsel was constitutionally ineffective for failing to (a) move before trial to suppress petitioner's statement, (b) effectively communicate with petitioner, and (c) object to false and/or inadmissible evidence; and (2) the prosecutor violated his right to due process by introducing a witness who testified about the admissibility of gunshot residue tests, and trial counsel was constitutionally ineffective for failing to object to the testimony. Id. at PageID.48. On June 26, 2018, the Michigan Court of Appeals rejected petitioner's claims and affirmed his convictions in an unpublished, per curiam decision. See People v. Watkins, No. 337453, 2018 WL 3129517 (Mich. Ct. App. June 26, 2018); Pet., Appendix A, ECF No. 1, PageID.28-34.

Petitioner alleges that he filed a pro se application for leave to appeal in the Michigan Supreme Court where he argued that: (1) counsel was ineffective for failing to object to false and/or inadmissible evidence and perjured testimony; (2) the prosecutor violated his right to due process by

introducing a police officer's perjured testimony regarding the admissibility of gunshot residue; and (3) the prosecutor violated his right to due process by introducing an involuntary confession.  See Mot. to Stay, ECF No. 7, PageID.48-49.  On February 4, 2019, the Michigan Supreme Court denied leave to appeal.  See People v. Watkins, 503 Mich. 947; 922 N.W.2d 125 (2019); Pet., Appendix B, ECF No.1, PageID.37.

On April 22, 2020, petitioner filed his habeas corpus petition.  His grounds for relief read as follows:

> I.  Trial counsel was constitutionally ineffective in failing to move before trial to suppress Mr. Watkins' statement; failed to effectively communicate with Mr. Watkins; failed to object to false and/or inadmissible evidence.
>
> II. The prosecutor violated Mr. Watkins' due process rights by introducing perjured testimony of a prosecution/police witness that went uncorrected regarding the admissibility of [a] gunshot residue test and trial counsel was constitutionally ineffective in failing to object.

Pet., ECF No. 1, PageID.2.

Petitioner alleges that he has exhausted state remedies for these claims by presenting the claims to the Michigan Court of Appeals and to the Michigan Supreme Court.  Id. at PageID.6.  In his motion for a stay, however, petitioner asks the Court to hold his habeas petition in abeyance pending the resolution and exhaustion of unexhausted claims.  See Mot., ECF No. 7, PageID.47.  The State has not filed an answer to petitioner's

motion, and its response to the habeas petition is not due until December 15, 2020.

## II.  Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition.  See 28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State."  O'Sullivan, 526 U.S. at 845, 847.  Thus, "[i]n states such as Michigan with a two-tiered appellate system—that is, those that have both an intermediate appellate court and a state supreme court—a petitioner must present his claims to the state supreme court in order to satisfy this exhaustion requirement."  Robinson v. Horton, 950 F.3d 337, 343 (6th Cir.), cert. denied, No. 19-8375, 2020 WL 6385783 (U.S. Nov. 2, 2020).

In appropriate circumstances, district courts may hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims.  Rhines v. Weber,

544 U.S. 269, 275–78 (2005). But this stay-and-abeyance procedure normally is available only when (1) the petitioner had good cause for the failure to exhaust his state remedies first, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner is not engaged in intentionally dilatory litigation tactics. Id. at 277–78.

Here, petitioner alleges that he exhausted state remedies for his current claims by presenting them to both the Michigan Court of Appeals and the Michigan Supreme Court. He has not explained what unexhausted claims he wants to raise, or is already raising, in state court. He also has not shown "good cause" for any failure to exhaust state remedies before filing his habeas petition. Therefore, even if petitioner is not engaged in dilatory litigation tactics, a stay of this case is not warranted, and his motion for a stay, ECF No. 7, is denied.

Dated: December 9, 2020

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 9, 2020, by electronic and/or ordinary mail and also on Jawone Laquan Watkins #321151, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Brianna Sauve
Deputy Clerk