UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAWONE WATKINS,

       Petitioner,                Civil No. 2:20-CV-11115
                                       HON. GEORGE CARAM STEEH
   v.                                UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN,

       Respondent.
_____/

**<u>OPINION AND ORDER HOLDING IN ABEYANCE THE
PETITION FOR WRIT OF HABEAS CORPUS AND
ADMINISTRATIVELY CLOSING THE CASE</u>**

Jawone Watkins, ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), armed robbery, MICH. COMP. LAWS § 750.529, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and felony firearm, MICH. COMP. LAWS § 750.227b.

Petitioner filed a motion hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition.

The petition is held in abeyance; the proceedings are stayed under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes the case.

## I. Background

Petitioner was convicted following a jury trial in the Genesee County Circuit Court. Petitioner's conviction was affirmed. *People v. Watkins*, No. 337453, 2018 WL 3129517 (Mich. Ct. App. June 26, 2018); *lv. den.* 503 Mich. 947, 922 N.W.2d 125 (2019).

Petitioner filed his application for writ of habeas corpus. Petitioner seeks habeas relief on the grounds that he claims that he raised in the state courts on his direct appeal. Petitioner has now filed a motion to hold the petition abeyance so that he can return to the state court to exhaust additional claims which are not included in the petition and were never presented to the state courts. [1]

---

[1] There is some question about whether some of the claims raised by petitioner in his habeas application were fully exhausted with the state courts on his direct appeal. Respondent in the answer claims that two of petitioner's subclaims contained in his first claim were never presented to the Michigan Supreme Court, even though the claims were raised before the Michigan Court of Appeals. (ECF No. 10, PageID. 64, 77-80). Although petitioner entitles his motion "Motion to Stay Mixed Habeas Petition In Abeyance," petitioner does not concede that these claims are unexhausted nor does he ask for the case to be stayed so that he can properly exhaust these claims. Instead, petitioner asks for the case to be held in abeyance so that he can return to the state courts to exhaust new claims which are not currently raised in his petition nor ever presented to any state court. To the extent that these two subclaims are not fully exhausted, petitioner is free to attempt to exhaust these claims along with his new claims on post-conviction review.

## II.  Discussion

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83); *See also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).  Although a district court has the option to dismiss a fully-exhausted habeas petition where a habeas petitioner's unexhausted claims are pending in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *See also Bowling,* 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The motion to hold the petition in abeyance is granted. The outright dismissal of the petition, albeit without prejudice, could preclude the consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that justifies holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations support holding the petition in abeyance while Petitioner exhausts his new claims. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other factors support the issuance of a stay. This Court is currently not in a position to determine whether Petitioner's new claims have any merit; the Court cannot say that Petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time say that Petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court could still benefit from the state courts' ruling on these claims in determining whether to permit Petitioner to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within

which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Genesee County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within ninety days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in the original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Dated: August 4, 2022

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 4, 2022, by electronic and/or ordinary mail and also on Jawone Laquan Watkins #321151, Macomb Correctional Facility, 34625 26 Mile Road, Lenox Twp., MI 48048.

s/Brianna Sauve
Deputy Clerk